UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY W. STEWART,<br><br>　　　　Petitioner,<br><br>　v.<br><br>J. MACOMBER, Warden,<br><br>　　　　Respondent. | No.　1:20-cv-01541-NONE-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS § 2254 PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 6) |

　　　　Petitioner Gregory W. Stewart is a state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The habeas petition was referred to a United States Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On November 6, 2020, the assigned magistrate judge concluded that the habeas petition is a "second or successive" petition[1] as defined by 28 U.S.C.A. § 2244, and *must* be dismissed unless petitioner established that he had sought and obtained authorization from the Ninth Circuit to file a "second or successive" petition.[2]  (*See* Doc. No. 6 at 1–2).  Because petitioner failed to obtain such authorization, the magistrate judge issued findings and recommendations

---

[1] *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits.").

[2] *See Tyler v. Cain*, 533 U.S. 656, 661–62 (2001) ("If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases.").

1

1 recommended that this habeas petition be dismissed.  (*Id.* at 3); *see, e.g.*, *Burton v. Stewart*, 549
2 U.S. 147, 152 (2007) ("We conclude, though, that because the 2002 petition is a 'second or
3 successive' petition that Burton did not seek or obtain authorization to file in the District Court,
4 the District Court never had jurisdiction to consider it in the first place.").

5       In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the undersigned has
6 conducted a *de novo* review of the case.  The court concludes that the magistrate judge's findings
7 and recommendations are supported by the record and proper analysis.  The court has also
8 considered petitioner's objections to those findings and recommendations, but finds that
9 petitioner in those objections has failed to meaningfully address or contradict the analysis set
10 forth in the findings and recommendations.  Accordingly, the pending findings and
11 recommendations will be adopted.

12       The court must now turn to whether a certificate of appealability should be issued.  A
13 petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's
14 denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v.*
15 *Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  Courts should issue a certificate of
16 appealability only if "reasonable jurists could debate whether (or, for that matter, agree that) the
17 petition should have been resolved in a different manner or that the issues presented were
18 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484
19 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  In the present case, the
20 court finds that reasonable jurists would not find the court's determination that the petition should
21 be dismissed debatable or wrong, or that petitioner should be allowed to proceed further.
22 Therefore, issuing a certificate of appealability is *not* appropriate here.

23       Accordingly, the court orders as follows:

24     1.     The findings and recommendations (Doc. No. 6), filed November 6, 2020, are
25         ADOPTED in full;

26     2.     The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED;

27     3.     The court DECLINES to issue a certificate of appealability; and

28 /////

4. The Clerk of Court is DIRECTED to assign a district judge to this case for the purpose of closing the case and then to enter judgment and close the case.

IT IS SO ORDERED.

Dated: __**December 31, 2020**__      _____/s/ Dale A. Drozd_____
                                              UNITED STATES DISTRICT JUDGE

3